IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

In re:  
**TOMMY F. BRIXEY**  
         Debtor(s)

Case No.:    09-05716-8-RDD

Chapter:    12

**PROPOSED CHAPTER 12 PLAN OF REORGANIZATION**

**Dated: October 7, 2009**

    The Debtor, Tommy F. Brixey, respectfully proposes the following Chapter 12 Plan of Reorganization for the adjustment of his debts pursuant to 11 U.S.C. § 1221.

### ARTICLE I:  SUMMARY OF THE PLAN

    The Debtor herein conducts a family farming operation in and around Robeson County, North Carolina.  The Debtor has traditionally engaged in the production of tobacco, soybeans, corn, peanuts, and wheat.

    This Plan shall continue for a period of three (3) years from its Effective Date.  The property of the Debtor is being valued as of the Date of the Petition and the claim of each secured creditor is being treated as secured in the amount of the value of the property securing such claim.  Costs of Administration are being paid over the life of the Plan unless otherwise directed by the Court.  Priority claims, if any, are being paid in full as allowed.  All disposable income will be paid to the Trustee for distribution to unsecured creditors for the term of the Plan.  The Plan is being proposed in good faith and not for any purpose prohibited by law.  The deficiency claims of all secured creditors will be treated as unsecured claims unless otherwise ordered by the Court.

### ARTICLE II:  DEFINITIONS

    1.    "ALLOWED CLAIMS" shall mean a claim:  (a) in respect of which a Proof of Claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003; or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007 and not listed as disputed, contingent or unliquidated as to amount; in either case, as to which no objection to the allowance thereof has been interposed within any applicable period of limitations fixed by Rule 3003 or an order of the Court, or as to which any such objection has been determined by any Court or judgment which is no longer subject to appeal and as to which no appeal is pending.  Allowed claims shall not include interest on the principal amount of such claim subsequent to the petition date, except as may be otherwise provided herein.

2. "CLAIM" shall have the meaning as set forth in 11 U.S.C. § 101 and include any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against the debtors in existence on or as of the petition date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

3. "CODE" shall mean the United States Bankruptcy Code, 11 U.S.C. § 101 et. seq., and any amendments thereof.

4. "COUNSEL" or "ATTORNEY" shall mean the law firm of David F. Mills, P.A., who has represented the Debtor in the preparation and filing of the Debtor's petition, schedules, statements, and Plan, and shall at all times, unless properly withdrawn or removed from this case, represent the interests of the Debtor with respect to this Chapter 12 case.

5. "COURT" shall mean the United States Bankruptcy Court for the Eastern District of North Carolina, including the United States Bankruptcy Judge presiding in this Chapter 12 case.

6. "CREDITORS" shall mean all creditors of the Debtor holding claims for unsecured debts, liabilities, demands or claims of any character whatsoever.

7. "DEBTOR" shall mean Tommy F. Brixey.

8. "DISPOSABLE INCOME" means income received by the Debtor and which is not reasonably necessary to be expended for the maintenance or support of the Debtor's principals; for the payment of expenditures necessary for the continuation, preservation, and operation of the Debtor's business; and for Plan payments; and will be calculated and determined in accordance with Sections 1225 and 1325 of the Code, read *in pari materia*.

9. "EFFECTIVE DATE" shall mean the date on which the order confirming the Plan becomes final and non-appealable.

10. "FILING DATE" means the date on which the Chapter 12 Petition was filed: July 10, 2009.

11. "PLAN" shall mean this Chapter 12 plan in its present form or as it may be amended or supplemented.

12. "SECURED CREDITORS" shall mean all creditors who hold a lien, security interest, or other encumbrance that has been properly perfected as required by law with respect to property owned by the Debtor.

13. "TRUSTEE" shall mean that certain person who shall perform the duties and have the rights set forth herein pursuant to 11 U.S.C. § 1202. Unless hereafter modified by the Court, the Trustee is Richard M. Stearns.

## ARTICLE III: LIQUIDATION TEST

To the extent that the Debtor has net equity in his property, such net equity is included in the liquidation test. The Debtor shall pay to the Trustee funds for payment of (1) costs of administration, including trustee fees and expenses and Debtor's attorney's fees; (2) priority claims, and (3) distribution to unsecured creditors over the life of the Plan, with interest at the rate of 6.0% per annum. Unsecured creditors will receive the amount they would have received if the Debtor was liquidated in a Chapter 7 liquidation. The liquidation test projects a zero percent (0%) dividend to general unsecured creditors. The liquidation analysis is attached to this Plan.

## ARTICLE IV: LIVING ALLOWANCE

The Debtor shall be allowed the sum of $52,355.00 for his family living allowance, which is the median family income for a family of two in North Carolina at the present time. The allowance will be paid in monthly installments to the extent allowed by cash flow. This allowance will adjust automatically as such median family income is from time to time adjusted.

## ARTICLE V: CLASSIFICATION AND TREATMENT OF CLAIMS

**CLASS 1. COSTS OF ADMINISTRATION**: This class includes compensation and expenses of professionals, including Counsel, the Trustee, court costs and all expenses incurred by the Debtor after the filing of its petition and before the entry of the Order of confirmation. These claims shall be paid in full through the Trustee.

**CLASS 2. PRIORITY CLAIMS**: The Debtor is not aware of any priority claims. Any unsecured priority claims which are filed and allowed will be paid in full in annual installments to the Trustee over the life of the Plan with interest at 6.0%.

**CLASS 3. CAPE FEAR FARM CREDIT ("CFFC")**: CFFC has two allowed claims against the Debtor.

**3.01**: (Claim No. 15) This claim comprises five (5) outstanding notes with balances as of the Filing Date totaling $435,817.00. These notes are cross-collateralized by liens against real estate and certain farm equipment. The value of the real estate collateral alone exceeds the amount of the claim; therefore, the claim is and shall be allowed and treated as fully secured with interest and attorney fees to be included pursuant to Section 506(b) and the terms of the notes. These five (5) notes are being consolidated for treatment herein and treated as a single claim.

The claim shall continue to be secured after confirmation by the terms of the various security agreements and deeds of trust. All terms of the loan documents will remain valid and enforceable unless expressly modified herein. Said claim will not be secured by, and the liens of this creditor shall not attach to, any property acquired or crops planted after the Filing Date.

Part of the treatment of this claim will be accomplished by a liquidation of certain real estate and equipment. Debtor shall have a period not to exceed six (6) months from confirmation ("Marketing Period") in which to sell these items of collateral. The assets to be sold ("Marketed Assets") include:

- the real estate described as "9 acres and brick house" (which together comprise 10 total acres, more or less) conveyed to the Debtor at Book 89, page 116, Robeson County Registry;
- the JD 893 Corn Header 8-Row; and
- the JD 25' 1925 Grain Head and attached Crary Air Reel.

CFFC's lien shall attach to any net sale proceeds, and the net sale proceeds shall be paid in accordance with the applicable priorities. If the Marketed Assets are not sold within the Marketing Period, within ninety (90) days thereafter the Marketed Assets shall be sold at auction in a commercially reasonable manner. Any deficiency resulting from a voluntary or involuntary sale of the Marketed Assets will be treated as a general unsecured claim.

Upon application of the net proceeds to the claim, the remaining balance will be paid in full with interest at **5.75%** per annum, amortized over twenty-five (25) years, less any proceeds received by CFFC as provided in the preceding paragraph. The first annual payment in the approximate amount of **$31,748.00**[1] will be due November 30, 2010, with equal annual payments continuing on each anniversary thereof. On November 30, 2024, all remaining principal and interest shall be due and payable in full.

As adequate protection, Debtor will make a payment on or before December 31, 2009, of all accrued post-petition interest at the Plan rate.

The Debtor shall at all times maintain appropriate loss and casualty insurance on the collateral and shall provide proof of such coverage as requested by CFFC at reasonable intervals.

**3.02:** (Claim No. 17) This claim, in the amount of $14,646.00, is secured by a first-position lien against a 2006 Chevrolet Malibu (VIN 1G1ZU63896F142071, listed in the schedules erroneously as an Impala) and a John Deere Model 490 Hydraulic Excavator (SN 09990). The value of the 2006 Malibu, which the Debtor intends to retain, is no more than $11,675.00. Debtor will surrender the excavator to CFFC.

The claim shall continue to be secured after confirmation by the terms of the security agreement. Said claim will not be secured by, and the liens of this creditor shall not attach to, any property acquired or crops planted after the Filing Date.

The amount of the claim paid herein will be the lesser of (a) the claim amount remaining after liquidation of the excavator and application of the proceeds or (b) $11,675.00. Any unsecured portion of this claim shall be treated as a general unsecured claim hereinbelow.

---

[1] This payment amount does not contemplate any proceeds from the sale of assets and is quoted herein for estimate and feasibility purposes only. It is anticipated that the annual payment will be less after application of the sale proceeds.

This Claim will be paid in the amount of no more than $11,625.00 with interest at **5.25%** per annum, amortized over five (5) years. The first annual payment in the approximate amount of **$2,589.00**[2] will be due November 30, 2009, with equal annual payments continuing on each anniversary thereof. On November 30, 2013, all remaining principal and interest shall be due and payable in full.

The Debtor shall at all times maintain appropriate loss and casualty insurance on the collateral and shall provide proof of such coverage as requested by CFFC at reasonable intervals.

**CLASS 4: AGCO FINANCE, LLC:** This class comprises six (6) claims.

**Class 4.01: AGCO (Account No. 0230, $10,048.84).** This claim purports to be secured by a security interest in a White 8708 Planter (SN HR70800101, shown in the schedules as a model 8707 planter). Debtor will surrender this planter to AGCO in full and complete satisfaction of this secured claim. Any remaining deficiency will be treated as a general unsecured claim as provided for hereinbelow.

**Class 4.02: AGCO (Account No. 6344, $17,546.00).** This claim purports to be secured by a security interest in a Phillips 30TA 30-foot Harrow (SN 03035) and a White 8106 Planter (SN HM10600168).

Debtor shall surrender the Harrow to AGCO in partial satisfaction of this secured claim. Debtor will retain the 8106 Planter and treat this claim as secured in the amount of $5,000.00. The claim shall continue to be secured after confirmation by the terms of the security agreement. Said claim will not be secured by, and the liens of this creditor shall not attach to, any property acquired or crops planted after the Filing Date.

This Claim in the amount of $5,000.00 will be paid with interest at **5.25%** per annum, amortized over five (5) years. The first annual payment in the approximate amount of **$1,173.00** will be due November 15, 2010, with equal annual payments continuing on each anniversary thereof. On November 15, 2014, all remaining principal and interest shall be due and payable in full.

The Debtor shall at all times maintain appropriate loss and casualty insurance on the collateral and shall provide proof of such coverage as requested by AGCO at reasonable intervals.

Any unsecured portion of this claim shall be treated as a general unsecured claim hereinbelow.

**Class 4.03: AGCO (Account No. 6557, $42,840.00).** This claim purports to be secured by a security interest in a Buhler 2210 tractor (SN 501686). Debtor intends to retain this equipment. The claim is and shall be allowed and treated as fully secured.

---

[2] Estimated based on the value of the retained collateral. Payment amount may decrease depending on the realized proceeds from the excavator.

The claim shall continue to be secured after confirmation by the terms of the security agreement. Said claim will not be secured by, and the liens of this creditor shall not attach to, any property acquired or crops planted after the Filing Date.

This Claim will be paid in full with interest at **5.25%** per annum, amortized over five (5) years. The first annual payment in the approximate amount of **$10,049.00** will be due November 15, 2010, with equal annual payments continuing on each anniversary thereof. On November 15, 2014, all remaining principal and interest shall be due and payable in full.

The Debtor shall at all times maintain appropriate loss and casualty insurance on the collateral and shall provide proof of such coverage as requested by AGCO at reasonable intervals.

**Class 4.04: AGCO (Account No. 9019, $31,616.00)**. This claim purports to be secured by a security interest in a W&A peanut plow (SN F1292), Herd 2440 Seeder (SN 206568), and Kubota RTV900T utility vehicle (SN 12292). Debtor intends to retain this equipment. The value of the collateral is no more than $25,655.00, and the claim shall be allowed and treated as a secured claim in that amount.

The secured claim shall continue to be secured after confirmation by the terms of the security agreement. Said claim will not be secured by, and the liens of this creditor shall not attach to, any property acquired or crops planted after the Filing Date.

This secured claim in the amount of $25,655.00 will be paid in full with interest at **5.25%** per annum, amortized over five (5) years. The first annual payment in the approximate amount of **$6,018.00** will be due November 15, 2010, with equal annual payments continuing on each anniversary thereof. On November 15, 2014, all remaining principal and interest shall be due and payable in full.

The Debtor shall at all times maintain appropriate loss and casualty insurance on the collateral and shall provide proof of such coverage as requested by AGCO at reasonable intervals.

The unsecured portion of this claim shall be treated as a general unsecured claim hereinbelow.

**Class 4.05: AGCO (Account No. 0385, $78,721.00)**. This claim purports to be secured by a security interest in a Massey Ferguson 6495 tractor (SN S239049). Debtor intends to retain this equipment. The claim is and shall be allowed and treated as fully secured.

The claim shall continue to be secured after confirmation by the terms of the security agreement. Said claim will not be secured by, and the liens of this creditor shall not attach to, any property acquired or crops planted after the Filing Date.

This Claim will be paid in full with interest at **5.25%** per annum, amortized over five (5) years. The first annual payment in the approximate amount of **$18,466.00** will be due November

15, 2010, with equal annual payments continuing on each anniversary thereof. On November 15, 2014, all remaining principal and interest shall be due and payable in full.

The Debtor shall at all times maintain appropriate loss and casualty insurance on the collateral and shall provide proof of such coverage as requested by AGCO at reasonable intervals.

**Class 4.06: AGCO (Account No. 7660, $36,247.00)**. This claim purports to be secured by a security interest in a Massey Ferguson 5460 tractor (R250056). Debtor will surrender this tractor to AGCO in full and complete satisfaction of this secured claim. Any remaining deficiency will be treated as a general unsecured claim as provided for hereinbelow.

**CLASS 5: CASE NEW HOLLAND CREDIT ("CNH")**: This class comprises three (3) claims, cross-collateralized and which were secured by liens against a Case SPX3185 sprayer (SN Y6T021081), a New Holland 555E TLB backhoe, and a Case IH 2188 combine (SN JJC0191951). Debtor no longer has the sprayer, and CNH has already repossessed the backhoe and combine. Debtor will surrender his interest in these items in satisfaction of CNH's secured claim. Any deficiency owed to CNH will be treated as a general unsecured claim as provided for hereinbelow.

**CLASS 6. DEERE & COMPANY ("JDC")**: This class comprises three (3) claims, all of which are cross-collateralized.

**Class 6.01 (Account No. 69AF, $25,509.43)**. This claim filed in the amount of $25,509.43 is secured by a security interest in a JD 1590 no-till drill (SN N011590X725664), a JD 637 disk (SN N00637X006970), and a JD 5510 utility tractor (SN LV5510S351169), and any and all proceeds of the foregoing equipment (including but not limited to insurance proceeds). Debtor intends to retain this equipment. The claim, plus reasonable, post-petition attorneys' fees and expenses allowable under 11 U.S.C. 506(b) of $1,305.00, is and shall be allowed and treated as fully secured.

This claim shall continue to be secured after confirmation by the terms of the security agreements. Said claim will not be secured by, and the liens of this creditor shall not attach to, any property acquired or crops planted after the Filing Date, except said claim will be secured by any and all proceeds of the equipment, including but not limited to insurance proceeds.

This claim will be paid in full with interest at **5.75%** per annum by way of 5 annual payments. The first annual payment in the amount of **$6,094.00** will be due **November 15, 2009**, with 3 equal payments continuing on each anniversary thereof. On November 15, 2013, all remaining principal and interest shall be due and payable in full.

The Debtor shall at all times maintain appropriate loss and casualty insurance on the collateral and shall provide proof of such coverage as requested by JDC at reasonable intervals.

Notwithstanding anything to the contrary contained in this Plan, upon any default by the Debtor of any of the terms set forth herein, and failure of the Debtor to cure such default within

thirty (30) days of written notice thereof, the automatic stay shall be lifted so that JDC may, without further notice or hearing, take possession of and sell its collateral pursuant to its security agreements and applicable stay law.

**Class 6.02 (Account No. 69AB, $5,227.23).** This claim filed in the amount of $5,227.23 is secured by a security interest in a JD 1590 no-till drill (SN N011590X725664), a JD 637 disk (SN N00637X006970), and a JD 5510 utility tractor (SN LV5510S351169), and any and all proceeds of the foregoing equipment (including but not limited to insurance proceeds). Debtor intends to retain this equipment. The claim, plus reasonable, post-petition attorneys' fees and expenses allowable under 11 U.S.C. 506(b) of $268.00, is and shall be allowed and treated as fully secured.

This claim shall continue to be secured after confirmation by the terms of the security agreements. Said claim will not be secured by, and the liens of this creditor shall not attach to, any property acquired or crops planted after the Filing Date, except said claim will be secured by any and all proceeds of the equipment, including but not limited to insurance proceeds.

This claim will be paid in full with interest at **5.75%** per annum by way of 5 annual payments. The first annual payment in the amount of **$1,249.00** will be due **November 15, 2010**, with 3 equal payments continuing on each anniversary thereof. On November 15, 2014, all remaining principal and interest shall be due and payable in full.

As adequate protection, Debtor will make a payment on or before December 31, 2009, of all accrued post-petition interest.

The Debtor shall at all times maintain appropriate loss and casualty insurance on the collateral and shall provide proof of such coverage as requested by JDC at reasonable intervals.

Notwithstanding anything to the contrary contained in this Plan, upon any default by the Debtor of any of the terms set forth herein, and failure of the Debtor to cure such default within thirty (30) days of written notice thereof, the automatic stay shall be lifted so that JDC may, without further notice or hearing, take possession of and sell its collateral pursuant to its security agreements and applicable stay law.

**Class 6.03 (Account No. 69AA, $8,347.11).** This claim filed in the amount of $8,347.11 is secured by a security interest in a JD 1590 no-till drill (SN N011590X725664), a JD 637 disk (SN N00637X006970), and a JD 5510 utility tractor (SN LV5510S351169), and any and all proceeds of the foregoing equipment (including but not limited to insurance proceeds). Debtor intends to retain this equipment. The claim, plus reasonable, post-petition attorneys' fees and expenses allowable under 11 U.S.C. 506(b) of $427.00, is and shall be allowed and treated as fully secured.

This claim shall continue to be secured after confirmation by the terms of the security agreements. Said claim will not be secured by, and the liens of this creditor shall not attach to, any property acquired or crops planted after the Filing Date, except said claim will be secured by any and all proceeds of the equipment, including but not limited to insurance proceeds.

This claim will be paid in full with interest at **5.75%** per annum by way of 5 annual payments. The first annual payment in the amount of **$1,994.00** will be due **November 15, 2010**, with 3 equal payments continuing on each anniversary thereof. On November 15, 2014, all remaining principal and interest shall be due and payable in full.

As adequate protection, Debtor will make a payment on or before December 31, 2009, of all accrued post-petition interest.

The Debtor shall at all times maintain appropriate loss and casualty insurance on the collateral and shall provide proof of such coverage as requested by JDC at reasonable intervals.

Notwithstanding anything to the contrary contained in this Plan, upon any default by the Debtor of any of the terms set forth herein, and failure of the Debtor to cure such default within thirty (30) days of written notice thereof, the automatic stay shall be lifted so that JDC may, without further notice or hearing, take possession of and sell its collateral pursuant to its security agreements and applicable stay law.

**CLASS 7. ROBESON COUNTY TAX COLLECTOR (Account 3091002, $8,262.45).** This ad valorem tax claim is secured by a statutory tax lien against the real property owned by the Debtor. This Claim will be paid in full with interest at **6.0%** per annum, amortized over three (3) years. The first annual payment in the approximate amount of **$3,091.00** will be due November 15, 2010, with equal annual payments continuing on each anniversary thereof. On November 15, 2012, all remaining principal and interest shall be due and payable in full.

**CLASS 8. GENERAL UNSECURED CLAIMS:** This class consists of all allowed unsecured claims, deficiency claims of partially secured creditors, and under-secured claims of creditors described in this Plan, all as listed in Schedules D and F of the filings by the Debtor.

### ARTICLE VI: EXECUTION OF PLAN

1.    All proceeds of the Debtor's farming operation shall be deposited in the operating account in the name of the Debtor. All farming proceeds and all payments in furtherance of the farming operation shall pass through this farm account and shall be reflected in the monthly reports to be submitted by the Debtor each month during the life of the Plan.

2.    <u>Operating Loans</u>: Except as provided herein, the Debtor shall be authorized upon confirmation of the Plan to obtain such future financing and operating loans as may be required for their normal farming operations without further order of the Court or permission of the Trustee, with said operating loan to be secured by future crops and their proceeds, liens against unencumbered real or personal property, and/or liens junior to prior security interests in real or personal property of the Debtor. In addition, the Debtor shall have the rights and powers provided by Section 364 of the Code.

## ARTICLE VII:  MODIFICATION OF PLAN

The Debtor may request the Court to modify the Plan before or after confirmation in accordance with the provisions of 11 U.S.C. §1223 and §1229 and the terms of this Plan.  In addition, the Debtor may request and the Court, after notice to the affected creditor or creditors and a hearing, may approve modification of the long-term debt for cause at any time prior to the entry of the Debtor's discharge or termination of the Plan, whichever is the earlier.

## ARTICLE VIII:  GENERAL PROVISIONS

1.  <u>Disposable Income</u>:  The Debtor shall submit all or such a portion of its future earnings or other future income to the supervision and control of the Trustee as may be necessary for execution of this Plan.

2.  <u>Plan Payments and Administrative Expense</u>:  All Plan payments shall be paid inside the Plan and shall include administrative costs of 10.0%, unless otherwise modified by the Court or this Plan.

3.  <u>Court to Retain Jurisdiction</u>:  The Court shall retain jurisdiction over this case pursuant to, and for the general purposes of, 11 U.S.C. § 105 and § 1227, and, in addition, for the following specific purposes:

    a)  Determination of all issues and disputes regarding title to property of the estate;

    b)  Fix allowances of compensation and reimbursement of expenses pursuant to § 330 of the Code;

    c)  Correct any defect, cure any omission or reconcile any inconsistency in this Plan or the order of confirmation as may be necessary or appropriate to carry out the purposes and intent of the Plan;

    d)  Determine pending applications for the assumption or rejection of executory contracts and unexpired leases under § 365 of the Code and determine the allowance of claims resulting therefrom;

    e)  To consider any amendments or modifications to the Plan;

    f)  To issue such orders as are necessary or appropriate to carry out the provisions of the Plan;

    g)  To enjoin interference with the implementation and consummation of the Plan;

    h)  To liquidate damages in connection with any disputed, contingent, or unliquidated claims;

    i) To determine all controversies and disputes that may arise in connection with the Chapter 12 case and in connection with the interpretation and implementation of the Plan, including matters relating to the Debtor's use of cash collateral and any objections thereto;

    j) For such other matters as may properly and necessarily be brought before the Court.

  4. <u>Sales Free of Interests</u>: The Debtor shall be authorized to apply to the Court for such sales of farmland or farm equipment free of liens and interests as may be necessary to effectuate the terms of this Plan, or may otherwise be in the best interest of the estate, as authorized by §§ 363 and 1206.

  5. <u>Release of Collateral to Secured Creditor</u>: The Debtor shall be authorized to release collateral back to secured creditors in full and complete satisfaction of the secured claim.

  6. <u>Vesting of Property in Debtor</u>: Upon confirmation, title to the assets of the Debtor shall be retained by and revest in the Debtor free and clear of all claims, liens, security, and equitable interests, including liens which represent the under-secured amounts of scheduled secured claimants, except as may be otherwise provided by this Plan. The Order confirming the Plan shall be a judicial determination of the discharge of the liabilities of and claims against the Debtor except as may be otherwise provided for in this Plan.

  7. <u>Projected Payments and Feasibility</u>: Debtor has prepared a farm plan for the year 2010 which will be a factor in the Court's determination of good faith, commitment of all disposable income, and feasibility of this Chapter 12 Plan.

  8. <u>Use of Cash Collateral</u>: The Debtor shall be authorized to use cash collateral in the ordinary course of its business without specific order of the Bankruptcy Court or consent of the affected secured creditors, if any.

  9. <u>Early Payoff</u>: There shall be no penalty against the Debtor for early payoff and satisfaction of any secured claims provided for in this Plan.

  10. <u>Retention of Liens</u>: All creditors whose claims are treated as secured in this Plan shall retain their liens on the collateral securing their respective claims until claims are paid in full in the amount allowed as secured, except to the extent that said liens may be avoided pursuant to § 522 of the Code.

  11. <u>Automatic Stay</u>: Notwithstanding the entry of an Order confirming the Plan, the automatic stay provided by 11 U.S.C. § 362 shall continue in effect as to all property retained by the Debtor until the Plan has been completed, terminated, discharged, or an order entered lifting the stay, whichever is earlier. The automatic stay shall not apply to future crops or to property given as collateral for post-confirmation operating loans. Notwithstanding anything to the contrary, all secured creditors shall continue to send regular billing statements to Debtor and are authorized to communicate directly with Debtor after confirmation regarding their claims, security, and status of insurance coverage.

12. <u>Non-interference</u>:   No person or entity may commence or continue any action or proceeding, or perform any act to interfere with the implementation and consummation of this Plan and the payments to be made hereunder.

13. <u>Executory Contracts and Unexpired Leases</u>:   The Debtor reserves the right to assume or reject, pursuant to § 365 of the Code, any executory contract or unexpired lease not assumed or rejected prior to the confirmation date.  <u>The Debtor specifically assumes any and all leases of cropland for the 2009 and 2010 crop years.</u>

14. <u>Payment of Attorney Fees</u>:   It is anticipated that after confirmation, there will be unpaid attorney fees earned by counsel for the Debtor, and that from time to time the services of the Debtor's attorney may be needed in furtherance of the Debtor's reorganization and successful completion of the Plan.  Counsel will periodically file an application for accrued attorney fees and expenses.  Debtor will pay all attorney fees and costs approved by the Court within sixty (60) days of such Court approval.

15. <u>Deficiency claims</u>:   Unless otherwise provided herein, a creditor may file an amended claim for a deficiency amount within 180 days of taking possession of collateral securing its claim.

16. <u>Federal farm programs</u>:   Debtor is authorized to apply for, sign up for, receive benefits from, and participate in USDA farm programs, including direct and cyclical payments (DCP program), and other programs, subsidies, and assistance, without the necessity of further orders of the Court.

17. <u>Domestic Support Obligations</u>:   The Debtor owes no domestic support obligations.

18. <u>Judgments</u>:   There are no docketed judgments against the Debtor.

## ARTICLE IX:  DISCHARGE

Pursuant to 11 U.S.C. § 1228(a), upon the Debtor's compliance with the provisions of the Plan for the term of the Plan, the Court shall enter an Order of Discharge which discharges the Debtor from all claims provided for in the Plan, except as provided in 11 U.S.C. §1222(b)(5) and (9) and 11 U.S.C. §523(a).

REST OF PAGE BLANK

This the 7th day of October, 2009.

        DAVID F. MILLS, P.A.

        By: /s/ *David F. Mills*
            David F. Mills
            State Bar No: 18326
            *Attorney for the Debtor*
            1559-B Booker Dairy Rd.
            Smithfield, NC 27577
            Telephone: (919) 934-7235
            Facsimile: (919) 989-1529

SUBMITTED BY:

/s/ *Tommy F. Brixey*
Tommy F. Brixey, Debtor

**Liquidation Analysis for Tommy Brixey 09-05716-8-JRL**

| Asset | Lien Holder | Amount of Lien | Market Value | Equity |
|---|---|---|---|---|
| Debtor's residence and 73 acres located at 3671 Meadow Rd., Lumberton, NC 28358. Valued at tax value. Deed Book 864, Page 561, Robeson County Registry. Parcel ID 08160101009. | Cape Fear DT 1659/771 | 435,817.00[1] | 204,000 470,145[2] | 42,853 |
| Real estate – 9 acres and brick house. Valued at tax value. Deed Book 89, Page 116, Robeson County Registry. Parcel ID 20140401012. | D/T 1572/572 | * | 9,200 | 0 |
| Real estate – 1 acre and mobile home. Valued at tax value. Deed Book 1001, Page 570, Robeson County Registry. Parcel ID 20140401201. | D/T 1001/572 | * | 63,400 | 0 |
| Real estate – 2.67 acres and green house. Deed Book 1082, Page 653, Robeson County Registry. Parcel ID 08160100901. Includes dilapidated greenhouse of no value. | Ad Valorem Taxes: Robeson County | 8,262.45[3] | 9,000 | 738 |
| Real estate – 24.5 acres of wetlands. Valued at tax value (total value $13,800). Deed Book 89E, Page 116, Robeson County Registry. 1/2 interest owned by Wanda Ellen Brixey. Parcel ID 08160101007. | | 0 | 6,900 | 6,900 |
| Real estate – .75 acres of land and 1998 Redman mobile home, VIN 13907132AB. Valued at purchase price in 2006 (total value $32,500). Deed Book 1513, Page 432, Robeson County Registry. 1/2 interest owned by William DelValle. Parcel ID 03010108047. | | 0 | 16,250 | 16,250 |
| Money Manager Premier Checking Account at RBC Bank. Last four digits of account # 2641 | $1,860 of equity claimed exempt | 0 | 0 | 202 |
| Business Checking Account at RBC Bank for TB Farms. Last four digits of account # 8338 | Equity claimed exempt | 0 | 0 | 0 |
| Hand and garage tools | Equity claimed exempt | | 1,000 | 0 |
| Past due rent from Son, Lawrence Brixey. Not Collectible. | | | 0 | 0 |
| 2003 Toyota Tundra 4x2 truck. 5TBJN32153S367340. Beat up farm truck, poor condition. Mileage 130K. | | | 1,500 | 1,500 |
| 2007 Toyota Tundra D-Cab SR5 V-8 5TFRV54137X004005. Mileage 29K. | Cape Fear Equity claimed exempt | * | 20,000 | 0 |
| ½ Interest: 2006 Chevrolet Malibu and JD 490 Hydraulic Excavator SN 009990 (Inoperable). Co-owner Scott Brixey. | Cape Fear | 14,646.04 | 16,700.00 | 1,028 |
| Tobacco (50 acres), wheat (200 acres), and beans (1,000 acres). | None | 0 | 0 | 0 |
| 1986 International Truck/Tractor CA255KHA20860. | Cape Fear | * | 7,170 | 0 |
| Two Taylor Twin Cure Tobacco Barns (Serial Nos.34077 & 34564). CFFC UCC 20080027196G. | | * | 500 | 0 |
| Taylor Twin Cure Tobacco Barn, Serial No. 098TA92. CFFC UCC 20080027196G. | | * | 500 | 0 |

[1] Total of Claim No. 15 of CFFC (CFFC), which comprises a number of cross-collateralized claims: Indicated by "*".
[2] Total value of CFFC collateral (individual values in italics).
[3] Total claim of Robeson County Tax Collector representing ad valorem taxes on a number of properties. Combined here for simplicity of calculating liquidation analysis.

| Description | | Value |
|---|---|---|
| Taylor Twin Cure Tobacco Barn, Serial No. 44300. CFFC UCC 20080027196G. | * | 500 |
| Long Blue Trim Model 1133 Tobacco Barn, Serial No. 3437. CFFC UCC 20080027196G. | * | 2,500 |
| Long Blue Trim Model 1133 Tobacco Barn, Serial No. 3976. CFFC UCC 20080027196G. | * | 2,500 |
| Long Model 1125 Tobacco Barn, Serial No. 1048. Subject to CFFC UCC 20080027196G. | * | 1,500 |
| Two (2) Long Model 1125 Tobacco Barns Serial Nos. 5278 & 5258. CFFC UCC 20080027196G. | * | 1,500 |
| Long Model 1125 Tobacco Barns Serial No. 1046. CFFC UCC 20080027196G. | * | 750 |
| Three (3) Taylor 10 Box Tobacco Barns, Serial Nos. 97319675-3-20; 97319675-2-20 & 97320573-3-30. CFFC UCC 20080027196G. | * | 30,000 |
| Taylor 10 Box Tobacco Barn, Serial No. 95190. CFFC UCC 20080027196G. | * | 5,000 |
| Taylor 8 Box Tobacco Barn, Serial No. 182. CFFC UCC 20080027196G. | * | 4,000 |
| Long Blue Trim Model 1133 Tobacco Barn, Serial No. 3621. CFFC UCC 20080027196G. | * | 2,500 |
| Long Model 1125 Tobacco Barn, Serial No. 4957. CFFC UCC 20080027196G. | * | 2,500 |
| All Steel 20' x 8' Equipment Trailer, Serial No. 761030. CFFC UCC 20080027196G. | * | 2,000 |
| 2006 Chandler 8-Ton Fertilizer Hopper, Serial No. 19687. CFFC UCC 20080027196G. | * | 2,000 |
| Taylor portable Tobacco Baler, Serial No. Not Available. CFFC UCC 20080027196G. | * | 2,500 |
| Chandler 8-Ton Fertilizer Hopper, Serial No. 544. CFFC UCC 20080027196G. | * | 4,000 |
| 208-Acre 36' x 350' Tobacco Green House w/4360 Trays. CFFC UCC 20080027196G. | * | 1,500 |
| 1992 Ford 7740S Tractor, Serial No. BD29903. CFFC UCC 20080027196G. | * | 2,000 |
| EZ Trail Model 510 Grain Hopper Wagon, Serial No. H40714. CFFC UCC 20080027196G. | * | 4,000 |
| Powell 4-Row Model 55 Tobacco Topper, Serial No. 10698. CFFC UCC 20080027196G. | * | 1,500 |
| Case International 1620 Combine, SN: JJC0032645 with Case IH 1020 grain head, SN: JJC0091985. CFFC UCC 20080027196G. | * | 15,000 |
| Case International 4-Row Corn head, Serial No. N/A. CFFC UCC 20080027196G. | * | 2,000 |
| John Deere 893 8-Row Corn Head, Serial No. N/A. CFFC UCC 20080027196G. | * | 3,000 |
| Hardee 1072 Mower, Serial No. 4142. CFFC UCC 20080027196G. | * | 700 |

| Description | Creditor | Value | Amount |
|---|---|---|---|
| Hardee H-360-Co 6' Sidewinder Bush Mower, Serial No. 100843. CFFC UCC 20080027196G. | | * | 1,500 |
| Bush Hog Model 120 9' Box Blade, Serial No. 12-00873. CFFC UCC 20080027196G. | | * | 1,000 |
| 300-Gallon Tobacco Sprayer, Serial No. N/A. CFFC UCC 20080027196G. | | * | 200 |
| 8' x 14' Low Bed Equipment Trailer w/load ramps, Serial No. N/A. CFFC UCC 20080027196G. | | * | 1,000 |
| 8' x 24' Equipment Trailer w/load ramps, Serial No. N/A. CFFC UCC 20080027196G. | | * | 2,000 |
| 1997 Case 4-Row Tobacco Setter, Serial No. 75653, 75652, 75647, 75646. CFFC UCC 20080027196G. | | * | 2,000 |
| 1997 John Deere 5300 Tractor, Serial No. E631089. CFFC UCC 20080027196G. | | * | 3,500 |
| Roanoke Model G-195 Bush Hog, Serial No. N/A. CFFC UCC 20080027196G. | | * | 3,000 |
| 2007 10,000-Gallon Diesel Fuel Tank, w/pump, Serial No. N/A. CFFC UCC 20080027196G. | | * | 3,000 |
| Brock 4-Ring Feed Hopper Bin Tank, Serial No. N/A. CFFC UCC 20080027196G. | | * | 300 |
| John Deere Frontier 8' Finishing Mower, Serial No. R220821. CFFC UCC 20080027196G. | | * | 500 |
| John Deere 6000 Hi-Boy w/8-Row Sprayer Boom, Serial No. N/A. CFFC UCC 20080027196G. | | * | 6,000 |
| 2000 Genesis X-3 Horse Trailer, Serial No 1DVGH18212K041021. CFFC UCC 20080027196G. | | * | 8,000 |
| (2) 1000-Gallon Nitrogen Tanks, Serial Nos. N/A. CFFC UCC 20080027196G. | | * | 300 |
| John Deere 925 Grain Head, Serial No. F696357 w/2007 25' Air Reel Attachment. CFFC UCC 20080027196G. | | * | 2,000 |
| Roanoke 2-Row Automatic Tobacco Harvester, Serial No. 490MM123. CFFC UCC 20080027196G. | | * | 4,000 |
| Roanoke 2-Row Automatic Tobacco Harvester, Serial No. 490MM128. CFFC UCC 20080027196G. | | * | 4,000 |
| Unverferth Model 330 Do-All Ripper-Bedder, SN: A44660505. CFFC UCC 20080027196G. | | * | 15,000 |
| W&A Peanut P, Peanut Plow, F1292; Herd Seeder 2440 and Herd Seeder 206568; Kubota RTV900T Utility Vehicle KRTV900A41012292. AGCO UCC 20080089671B. | AGCO | 217,018[4] | 228,500 |
| Massey Ferguson 6495 Tractor. SN S239049. AGCO UCC 20080041905M. | AGCO | ** | ** |
| Phillips 30TA 30ft Harrow SN O3O39 and AGCO WH8106 White Planter SN HM10600168. AGCO UCC 20070006707M. | AGCO | ** | 11,482 ** |

[4] Total AGCO debt and collateral value. Indicated by "**".

| Item | Lienholder | | | |
|---|---|---|---|---|
| MF 5460 Tractor SN R250056. AGCO UCC 20070020418F. | AGCO | | ** | ** |
| AGCO White 8708 Planter SN HR70800101. AGCO UCC 20060029009K. | AGCO | | ** | ** |
| Buhler 2210 Tractor SN 501686. AGCO UCC 20060000737G. | AGCO | | ** | ** |
| ½ Interest: JD 637 Disk SN 006970 (EZT 510). Co-owner Scott Brixey. John Deere Credit UCC 20050099642J. | John Deere: Cross-collateralized[5] | 8,347 | 6,500 | 7,628[6] |
| ½ Interest: JD JC 5510 Utility Tractor SN 351169. Co-owner Scott Brixey. John Deere Credit UCC 20050052119G. | John Deere: Cross-collateralized | 5,227 | 12,000 | *** |
| John Deere 1590 Grain Drill. John Deere Credit UCC 20080061588K. | John Deere: Cross-collateralized | 25,509 | 30,000 | *** |
| **TOTALS** | | | 798,495.00 | 88,581.00 |

Chapter 7 Auctioneer Fees[1]:
20% of first $20,000.00                $4,000.00
10% of next $50,000.00                 $5,000.00
4% of balance                          $29,140.00

Trustee's Commission
25% of first $5,000.00                 $1,250.00
10% of next $5,000.00 to $50,000.00    $4,500.00
3% of balance                          $22,455.00

Chapter 12 Administrative Claims (est.)    $25,000.00

**Available for distribution to general unsecured creditors**    **($2,764.00)**

---

[5] Total John Deere Credit debt and collateral value. Items are cross-collateralized. Total equity is then attributed to Debtor and to co-owner on a pro-rata basis based on value of the items. Indicated by "***"

[6] Equity attributable to Debtor. Items are cross-collateralized. Total equity is then attributed to Debtor and to co-owner on a pro-rata basis based on value of the items. 62% of the equity plus ½ of the remainder is attributable to the Debtor.

PROJECTED PRODUCTION YIELD AND COSTS (2010)

| | | UNIT | QUANTITY | PRICE OR COST/UNIT | TOTAL PER ACRE | TOTAL |
|---|---|---|---|---|---|---|
| **GROSS RECEIPTS:** | | | | | | |
| SOYBEANS (1253 AC.) | | BU. | 35 | 9.30 | 325.50 | 407,851.00 |
| TOBACCO (50 AC.) | | LBS. | 2500 | 1.68 | 4,200.00 | 210,000.00 |
| FARM PROGRAM PAYMENTS | | | | | | 10,000.00 |
| CROP INSURANCE PAYMENTS | | | | | | 12,000.00 |
| **TOTAL FARM RECEIPTS** | | | | | | **639,851.00** |
| **FARM PRODUCTION COSTS:** | | | | | | |
| SOYBEANS | | | | | 195.00 | 244,335.00 |
| TOBACCO | | | | | 2,983.00 | 149,151.00 |
| **TOTAL COST OF PRODUCTION** | | | | | | **393,486.00** |
| | | | | | | |
| **AMOUNT AVAILABLE FOR EXECUTION OF PLAN** | | | | | | **246,365.00** |
| Land Rent | | | | | | 67,772.00 |
| General farm expenses (not directly attributable to a particular crop)[1] | | | | | | 30,000.00 |
| Living Expenses | | | | | | 52,355.00 |
| CFFC | 3.01 | | | | | 31,748.00 |
| CFFC | 3.02 | | | | | 2,589.00 |
| AGCO | 4.02 | | | | | 1,173.00 |
| AGCO | 4.03 | | | | | 10,049.00 |
| AGCO | 4.04 | | | | | 6,018.00 |
| AGCO | 4.05 | | | | | 18,466.00 |
| Deere & Co. | 6.01 | | | | | 6,094.00 |
| Deere & Co. | 6.02 | | | | | 1,249.00 |
| Deere & Co. | 6.03 | | | | | 1,994.00 |
| Robeson Co. Tax Collector | | | | | | 3,091.00 |
| Trustee and Debtor Counsel Exp. | | | | | | 10,000.00 |
| Liquidation Test (gen. unsecured) | | | | | | 0.00 |
| **TOTAL EXPENDITURES UNDER PLAN** | | | | | | **242,598.00** |

---

[1] Insurance, fuel, machinery and equipment maintenance, etc.